UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eunice Larkins,
    Plaintiff

vs

Family Dollar Stores of Ohio, Inc.,
    Defendant

Case No. 1:07-cv-354-MRB-TSH
(Barrett, J.; Hogan, M. J.)

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant Family Dollar Stores of Ohio, Inc.'s motion to dismiss. (Doc. 17). The motion was filed on April 18, 2008. To date, pro se plaintiff Larkins has not filed a response to defendant's motion.

Pro se plaintiff Larkins initiated this employment discrimination suit by filing a complaint against her former employer, defendant Family Dollar Stores of Ohio, Inc. in Hamilton County, Ohio, Court of Common Pleas on March 29, 2007. Defendant removed the action to this Court on May 3, 2007. (Doc. 1). On August 8, 2007, Defendant propounded its First Set of Interrogatories and First Request for Production of Documents on plaintiff pursuant to Fed. R. Civ. P. 33 & 34. Under the Federal Rules of Civil Procedure, plaintiff's discovery responses were due on or before September 7, 2008. Plaintiff failed to timely respond to the discovery requests or defendant's informal attempts to resolve the outstanding discovery. On January 13, 2008, Defendant filed a motion to compel discovery, (Doc. 12), which this Court granted by Order dated February 22, 2008. (Doc. 13). The Court's Order directed plaintiff to respond to the outstanding discovery requests by March 10, 2008, and warned plaintiff that failure to comply with the Court's order would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 37 and or 41(b). (Id.). To date, plaintiff has neither complied with the Court's February 22,

2008 discovery Order, nor responded to defendant's motion to dismiss.

A District Court may sanction a party who fails to cooperate in discovery in a variety of ways, including dismissal of the action. Fed. R. Civ. P. 37(b) and (d). The decision whether to dismiss a case for a party's failure to comply with discovery is within the Court's discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

In addition, the Federal Rules of Civil Procedure provide that:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

There is no question that sanctions against plaintiff are appropriate pursuant to Fed. R. Civ. P. 37(d). Plaintiff not only failed to respond to defendant's discovery requests and this Court's Order compelling discovery, but plaintiff has also failed to file any response to defendant's motion. The question before this Court is not whether sanctions should be imposed but what sanctions should be imposed.

While the Court does not necessarily abuse its discretion by ordering dismissal as the first sanction for dilatory and contumacious conduct, *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), because dismissal is the harshest and most drastic sanction available to the Court, it is the sanction of last resort. *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 522 (6th Cir. 1994). Before such a sanction is invoked, the Court must consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the non-cooperating party has been warned that failure to comply with the Court's discovery order may lead to dismissal; and (4) whether the Court has considered or imposed less drastic sanctions. *Bass v. Jostens*,

*Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

In this case, plaintiff has failed to prosecute the case, failed to meet her discovery obligations under the Federal Rules of Civil Procedure, and failed to comply with an Oder of this Court. In the absence of any response from plaintiff, and in light of the Court's clear warning that failure to comply with the discovery Order would result in a recommended dismissal, the Court can only assume that plaintiff's failure is willful. Defendant is clearly prejudiced because it cannot properly defend an action if plaintiff fails to respond to any discovery requests. AS noted above, plaintiff was warned in the Court; February 22, 2008 Order that a failure to comply with the Court's Order would in a recommendation to the District Court that dismissal was warranted. Under these facts, less drastic sanctions would be ineffective. Consequently, the factors which a Court must consider before dismissing an action pursuant to Fed. R. Civ. P. 41(b) clearly that demonstrate that dismissal is appropriate. Accordingly, this Court RECOMMENDS that this action be dismissed for failure to cooperate in discovery and for failure to prosecute pursuant to Fed. R. Civ. P. 37 & 41. Because the Court recommends the ultimate sanction of dismissal, the Court finds that monetary sanctions against plaintiff are not warranted under Fed. R. Civ. P. 37.

IT IS THEREFORE RECOMMENDED THAT defendant's motion to dismiss be GRANTED IN PART AND DENIED in part consistent with this opinion.

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eunice Larkins,
    Plaintiff

vs                                    Case No. 1:07-cv-354-MRB-TSH
                                        (Barrett, J.; Hogan, M. J.)

Family Dollar Stores of Ohio, Inc.,
    Defendant

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on **7-16-08**. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____  ☐ Agent  ☐ Addressee<br>B. Received by ( Printed Name )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Eunice Larkins<br>720 Froome Ave.<br>Cinti, OH 45232 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:    ☐ No<br><br>3. Service Type<br>   ☒ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)          ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7007 0710 0000 8130 4853 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv354 (Doc.17)